IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRADLEY T. ELLERMAN,

                Plaintiff,

v.                                                         OPINION and ORDER

CHRISTINE E. WORMUTH, MURIEL HUTSON,                  21-cv-324-jdp
and CINDY LASS,

                Defendants.[1]

---

Pro se plaintiff Bradley T. Ellerman has filed a complaint in which he alleges that he was fired from his human resources job with the Department of the Army at Fort McCoy "due to his disabilities and because of his attempts to be granted the rights afforded by the [Americans with Disabilities Act] and the Rehabilitation Act." Dkt. 1, at 2. Ellerman provides no details about the nature of his disabilities, the accommodations he requested, or the reasons he believes that the department retaliated against him. He acknowledges that his discrimination claims were resolved by a settlement agreement, but he alleges that he was coerced into signing it.

Defendants are all officials with the Department of the Army. The parties agree that Christine Wormuth, the Acting Secretary of the Army, is the only proper defendant, so I will dismiss the other two defendants. And because Ellerman is suing Wormuth in her official capacity, I will refer to her as "the department" for the remainder of the opinion.

---

[1] I have amended the caption to substitute Christine Wormuth, the current Acting Secretary of the Army, for John Witley, in accordance with Federal Rule of Civil Procedure 25(d).

The department moves to dismiss the complaint, not on the ground that the complaint fails to provide notice of Ellerman's claim or that it is barred by the settlement agreement, but rather because judicial review is no longer available to Ellerman. Dkt. 7. Specifically, the department contends that Ellerman didn't properly exhaust his administrative remedies and his claim is untimely. I conclude that I don't have enough information to decide the department's motion, so I will deny it. But I will give the department an opportunity to file an early motion for summary judgment limited to the issues raised by the court in this opinion.

ANALYSIS

The Civil Service Reform Act of 1978 provides federal employees with multiple avenues for redress when they suffer an adverse employment action. In this case, Ellerman sought relief from the Merits System Protection Board, Dkt. 1, at 3 and Dkt. 1-1, at 1, which has authority to "review certain serious personnel actions against federal employees," including an employee's removal. *Perry v. Merit Sys. Prot. Bd.*, 137 S. Ct. 1975, 1979 (2017). An employee that is otherwise properly before the board may include a claim that the employer's adverse action violated federal antidiscrimination law. *See id*. at 1980–81 (citing 5 U.S.C. § 7702(a)). There is no dispute that Ellerman's claims were properly before the board and included the allegations that Ellerman is raising in this case.

If an employee alleging discrimination is dissatisfied with the board's decision, he has 30 days to file an appeal with the Equal Employment Opportunity Commission *or* with the appropriate federal district court. *Id.*; 5 U.S.C. § 7702(b)(1) and § 7703(b)(2).[2] If the employee

---

[2] To add further complexity, appeals that don't raise allegations of discrimination must be filed with the Court of Appeals for the Federal Circuit rather than the EEOC or the district court. *See* 5 U.S.C. § 7703(b)(1)(B); *Montgomery v. Donahoe,* 602 F. App'x 638, 641–42 (7th Cir.

2

chooses to go to the EEOC, and he receives an adverse decision, he then has another 30 days to seek judicial review. 5 U.S.C. § 7702(b)(5)(A); *Punch v. Bridenstine*, 945 F.3d 322, 325 (5th Cir. 2019).

In this case, the board dismissed Ellerman's case in a December 9, 2020 decision after concluding that the parties had entered into a "settlement agreement [that] is lawful on its face" and that "the parties freely entered into the agreement" and "understand its terms." Dkt. 7-1.[3] The decision also explained Ellerman's appeal rights, including that Ellerman's deadline for appealing would run from the day the decision became final, which was January 13, 2021. *Id.* at 4, 8–11. The board did not decide Ellerman's claim on the merits, but the same rules for appeal apply regardless of whether the board dismisses an appeal on the merits or for a procedural reason, including a dismissal based on the existence of a settlement agreement. *Perry*, 137 S. Ct. at 1984–85. So Ellerman had 30 days from January 13 to seek relief from either the EEOC or the appropriate district court if he wished to continue asserting his claims under federal antidiscrimination law.

Ellerman didn't do either of those things right away. Instead, on December 24, 2020 (before the board's decision became final), he filed a complaint directly with the department, alleging that he was "coerced" into signing the settlement agreement. Dkt. 11-4. On January 8, 2021, the department dismissed the complaint as an improper collateral attack on the board's decision. *Id.*

---

2015).

[3] Ellerman didn't attach the board's decision to his complaint, but the department provided it with its motion to dismiss. Dkt. 7-1. The court can take judicial notice of agency decisions without a converting a motion to dismiss into a motion for summary judgment. *See McFarland-Lawson v. Ammon*, 847 F. App'x 350, 355 (7th Cir. 2021).

Ellerman then appealed to the EEOC, but neither Ellerman nor the department provided a copy of the appeal to this court, described its contents, or identified when he filed it. This is important because Ellerman's filing with the EEOC could have been an appeal of the department's decision *or* of the board's decision. In its decision, the EEOC acknowledged Ellerman's proceedings before the board. Dkt. 1-1, at 1–2. But the EEOC construed the appeal as a challenge to the decision of the department rather than the decision of the board, and it summarized Ellerman's claim as seeking to *enforce* the settlement agreement rather than challenge it. Dkt. 1-1, at 3. The EEOC rejected that claim, concluding that only the board could enforce the agreement. *Id.*

I cannot determine whether Ellerman's complaint is properly before the court without more information about Ellerman's appeal to the EEOC. If the EEOC was correct in declining to construe Ellerman's appeal as a challenge to the board's decision, then Ellerman likely isn't entitled to judicial review now. "[O]nce a government employee elects to pursue a . . . case before the Board, she is obliged to follow that route through to completion, to the exclusion of any other remedy that originally might have been available." *Stoll v. Principi*, 449 F.3d 263, 266–67 (1st Cir. 2006). In other words, if an employee doesn't like the board's decision, he must challenge the decision in accordance with § 7702 and § 7703. He can't simply start over again with a different process. *See Montgomery v. Donahoe*, 602 F. App'x 638, 642 (7th Cir. 2015); *Blaney v. United States*, 34 F.3d 509, 512 (7th Cir. 1994). So if Ellerman's appeal to the EEOC is properly construed as a challenge to the department's January 8 decision rather than to the board's December 9 decision, then I must disregard the EEOC appeal. That would mean that Ellerman's 30-day deadline for appealing to the district court began to run on January 13, 2021. Ellerman didn't file this case until May 13, 2021, so this case would be untimely unless

4

Ellerman could show that he is entitled to equitable tolling. *See Moreland v. Eplett*, 18 F.4th 261, 271 (7th Cir. 2021); *Blaney*, 34 F.3d at 513.

But if the EEOC should have construed Ellerman's appeal as a challenge to the board's decision, Ellerman's complaint in this court might be timely. The parties don't say whether Ellerman filed his EEOC appeal within 30 days of January 13, so I cannot determine whether the appeal would have been a timely challenge to the board's decision. But if Ellerman's EEOC appeal was timely and should have been construed as a challenge to the board's decision, Ellerman had another 30 days to file an appeal with the district court after receiving an unfavorable decision from the EEOC. *See* 5 U.S.C. § 7702(b)(5)(A) and § 7703(b)(2). The EEOC issued its decision on April 26, 2021, and Ellerman filed this lawsuit on May 13, 2021, well within the 30-day deadline.

There is yet another wrinkle related to the scope of the administrative proceedings. As already noted, the EEOC understood Ellerman to be alleging that the department violated the settlement agreement. But that isn't what Ellerman is alleging in this case. Rather, Ellerman is alleging that the department discriminated against him and coerced him into signing the settlement agreement. Generally, an employee may not change or broaden the claims that he asserted before the EEOC when he files a lawsuit in district court. *See Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir.1992); *see also Montgomery,* 602 F. App'x at 642 (federal employee forfeited right to bring discrimination claim in federal court when he failed to raise it before the board). And even if Ellerman wanted to amend his complaint to bring a claim to enforce the settlement agreement, he couldn't do that until he first sought enforcement with the board. *See Blaney*, 34 F.3d at 512.

So the key question for determining whether Ellerman's claims are properly before the court is whether the EEOC properly construed Ellerman's appeal, regarding both the decision that Ellerman was challenging and the nature of Ellerman's claim. Neither side addressed that issue in their briefs nor provided the facts that would allow the court to make its own determination. In that situation, the party with the burden loses. *Metzl v. Leininger*, 57 F.3d 618, 622 (7th Cir. 1995). The department's motion is premised on a view that Ellerman's complaint is untimely and that he failed to properly exhaust his administrative remedies. Those are both affirmative defenses, so Ellerman wasn't required to plead them to state a claim. *See Lewis v. City of Chicago*, 528 F.3d 488, 494 (7th Cir. 2008). Rather, it is the department's burden to plead and prove its defenses.

Accordingly, I will deny the department's motion to dismiss. But the questions whether Ellerman exhausted his administrative remedies and complied with statutory deadlines are threshold questions that should be resolved before litigating the merits, if possible. So I will give the department the opportunity to file an early motion for summary judgment to address the questions raised by the court. If the department chooses to do that, it should provide the court with all the relevant administrative documents, especially Ellerman's appeal with the EEOC. It should also address whether the EEOC has an obligation to construe a pro se party's documents liberally so as not to unfairly prejudice that party. *Cf. Perez v. Fenoglio*, 792 F.3d 768, 780 (7th Cir. 2015) (courts must construe pro se pleadings liberally); *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002) ("[C]ourts give effect to the substance of a document and not to its caption."). The department should also address whether equitable tolling is appropriate if it is determined that Ellerman's lawsuit is untimely. The parties need not submit

6

separate proposed findings of fact documents in this early motion, but they should submit any evidence they intend to rely on.

If the department chooses not to file an early summary judgment motion, the case will proceed to a preliminary pretrial conference after the department files an answer.[4] If the department chooses to file a summary judgment motion in accordance with the normal schedule and procedures, it is free to raise any arguments that it could have raised in the early summary judgment motion.

ORDER

IT IS ORDERED that:

1. Defendants' motion to dismiss, Dkt. 7, is GRANTED in part and DENIED in part. The motion is granted as to Muriel Hutson and Cindy Lass and those defendants are DISMISSED with prejudice. The motion is denied as to Christine Wormuth.

2. Wormuth may have until March 14, 2022, to inform the court whether she will file an early motion for summary judgment, as discussed in the opinion. If she chooses that option, the court will set a briefing schedule and defer scheduling the preliminary pretrial conference until resolving that motion. If she chooses not to file an early motion, the clerk of court is directed to set the case for a preliminary pretrial conference when Wormuth files an answer.

Entered March 7, 2022.

BY THE COURT:

/s/_____
JAMES D. PETERSON
District Judge

---

[4] Regardless of whether the department chooses to file an early motion for summary judgment, the department must file an answer within 14 days of this decision. *See Modrowski v. Pigatto*, 712 F.3d 1166, 1170 (7th Cir. 2013); Fed. R. Civ. P. 12(a)(4).