IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRADLEY T. ELLERMAN,

                Plaintiff,

v.

CHRISTINE E. WORMUTH,

                Defendant.

OPINION and ORDER

21-cv-324-jdp

---

Pro se plaintiff Bradley Ellerman is suing Christine E. Wormuth in her official capacity as the secretary for the Department of the Army under the Americans with Disabilities Act and the Rehabilitation Act. Ellerman alleges that he was fired from his job with the Army because of his "multiple disabilities" and because he exercised his statutory rights. He also alleges that the Army coerced him into signing a settlement agreement. I will refer to the defendant as the Army for the remainder of the opinion because Wormuth is sued in her official capacity.

The Army previously moved to dismiss the case on procedural grounds, contending in the alternative that Ellerman had failed to exhaust his administrative remedies or that the lawsuit was untimely. Dkt. 7. I denied the motion to dismiss because both issues are affirmative defenses, and the complaint didn't include enough information to determine whether the defenses applied. Now the Army moves for summary judgment on the same issues. The record now shows that Ellerman didn't comply with the requirements for exhausting his administrative remedies, so I will grant the Army's motion for summary judgment.

BACKGROUND

Ellerman filed multiple administrative complaints with the Merit Systems Protection Board, which may consider discrimination complaints of federal employees under certain circumstances. *Perry v. Merit Sys. Prot. Bd.*, 137 S. Ct. 1975, 1979–81 (citing 5 U.S.C. § 7702(a)). Neither side submitted Ellerman's administrative complaints, but both sides assume that the complaints included the allegations that Ellerman is raising in this case.

In early December 2020, the parties signed a settlement agreement in which the Army agreed to cancel Ellerman's removal action, give Ellerman a letter of reference, and support Ellerman's application for a "disability retirement." Dkt. 18-2, at 2. Ellerman agreed to withdraw his complaints and waive his right to file any more complaints arising out of the same facts. Dkt. 18-2, 2–3. On December 9, 2020, the board dismissed all of Ellerman's complaints, finding that Ellerman had previously entered into a lawful settlement agreement with the Army regarding all his claims. Dkt. 18-1.

On December 24, 2020, Ellerman filed a new complaint with the Army. Neither party filed a copy of that complaint, but in the January 9, 2021 decision dismissing the complaint, the Army summarized the complaint as alleging that the Army coerced Ellerman into signing the settlement agreement. Dkt. 18-3. The Army concluded that the complaint failed to state a claim because it was "directly related" to proceedings before the board, and Ellerman was not permitted to "lodge a collateral attack" on that decision. *Id.*

The board's December 9 decision became final on January 13, 2021. Ellerman had 30 days from January 13 to either file an appeal with the Equal Employment Opportunity Commission (EEOC) or bypass further administrative review by filing a lawsuit in federal district court. 5 U.S.C. § 7702(b)(1) and § 7703(b)(2).

2

On January 16, 2021, Ellerman filed an administrative appeal with the EEOC. Dkt. 18-4. On April 26, 2021, the EEOC construed Ellerman's claim to be that the Army had violated the settlement agreement by "fail[ing] to provide favorable information about his performance and awards." Dkt. 1-1, at 3. The EEOC dismissed the appeal because only the board could enforce the settlement agreement.

Ellerman filed this lawsuit on May 13, 2021.

ANALYSIS

The Army contends that Ellerman failed to properly exhaust his administrative remedies, as required by the Civil Service Reform Act of 1978. *See Perry*, 137 S. Ct. at 1979. Specifically, the Army says that Ellerman's December 24 complaint with the Army and his January 16 appeal to the EEOC were impermissible collateral attacks on the board's decision, so the complaint and appeal must be disregarded. The Army acknowledges that Ellerman was entitled to appeal the board's December 9 decision directly to this court under § 7703(b)(2). But the 30-day deadline began to run on January 13, 2021, so the Army contends that Ellerman's May 13, 2021 complaint in this court was untimely.

In the order denying the motion to dismiss, I agreed with the Army that Ellerman's December 24 complaint must be disregarded for the purpose of determining whether Ellerman exhausted his administrative remedies:

> "[O]nce a government employee elects to pursue a . . . case before the Board, she is obliged to follow that route through to completion, to the exclusion of any other remedy that originally might have been available." *Stoll v. Principi*, 449 F.3d 263, 266–67 (1st Cir. 2006). In other words, if an employee doesn't like the board's decision, he must challenge the decision in accordance with § 7702 and § 7703. He can't simply start over again with a different process. *See Montgomery v. Donahoe*, 602 F. App'x 638,

3

>642 (7th Cir. 2015); *Blaney v. United States*, 34 F.3d 509, 512 (7th Cir. 1994).

Dkt. 12, at 4. But at the motion-to-dismiss stage, neither side provided the court with a copy of Ellerman's January 16 appeal to the EEOC, so I couldn't determine whether that was an appeal of the Army's January 8 decision dismissing Ellerman's December 24 complaint or the board's December 9 decision finding that Ellerman's claims were barred by the settlement agreement. If it was an appeal of the Army's decision, it would be a continuation of an impermissible collateral attack. But if it was an appeal of the board's December 9 decision, that would be permissible under § 7702(b)(1) because Ellerman filed the appeal less than 30 days after the board's decision became final on January 13.[1]

I directed the parties to address two issues in their summary judgment briefs: (1) whether the EEOC properly construed Ellerman's appeal as a challenge to the Army's January 8 decision rather than the board's December 9 decision; and (2) if so, whether Ellerman is entitled to equitable tolling so that this lawsuit is a timely direct appeal of the December 9 decision under § 7703(b)(2).[2] For the reasons explained below, I conclude that the EEOC

---

[1] This assumes that Ellerman's appeal raised allegations of discrimination. If an appeal "raises no challenge to the Board's disposition of [discrimination] allegations," the appeal must be filed with the United States Court of Appeals for the Federal Circuit. *See* 5 U.S.C. § 7703(b)(1)(B); *Montgomery v. Donahoe*, 602 F. App'x 638, 641–42 (7th Cir. 2015). Ellerman's administrative appeal is largely about procedural issues related to the settlement agreement, so it isn't clear whether it should have been filed with the EEOC or the Federal Circuit. But the Army doesn't raise this issue, so I won't consider it.

[2] I raised a third issue in the order denying the motion to dismiss, which was whether the EEOC properly construed the appeal as being limited to the issue that the Army violated the settlement agreement. Dkt. 12, at 5. Ellerman isn't asserting in this court that the Army violated the agreement, which raises the question whether Ellerman is impermissibly changing or broadening the claims that he asserted before the EEOC. *See Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992). The Army doesn't seek dismissal on this ground, so I won't consider that issue either.

4

properly construed Ellerman's January 16 appeal and that he hasn't shown that he is entitled to equitable tolling.

Ellerman's January 16 appeal documents make it clear that he is challenging the Army's decision, not the board's. His filings state that his appeal relates to the complaint number associated with the complaint he filed with the Army, he attached the Army's decision rather than the board's, and his brief refers directly to Army's decision and attempts to rebut the reasoning of that decision. Dkt. 18-4. There is nothing in Ellerman's appeal documents to suggest that he was appealing the board's decision, and Ellerman doesn't argue otherwise. So I must disregard the appeal for the purpose of determining whether Ellerman exhausted his administrative remedies.

The remaining question is whether I should toll the 30-day deadline in § 7703(b)(2) so that Ellerman's May 13, 2021 complaint filed in this court is a timely appeal of the board's decision, which became final on January 13, 2021. A litigant is entitled to equitable tolling if he shows two things: (1) he pursued his rights diligently; and (2) some extraordinary circumstance outside his control prevented timely filing. *Sidney Hillman Health Ctr. of Rochester v. Abbott Labs., Inc.*, 782 F.3d 922, 930-31 (7th Cir. 2015); *Lee v. Cook County, Ill.*, 635 F.3d 969, 972–73 (7th Cir. 2011). Ellerman has the burden of showing that he meets both requirements. *Ray v. Clements*, 700 F.3d 993, 1007 (7th Cir. 2012).

Ellerman blames the Army for not telling him when he filed his December 24 complaint that he was in the wrong forum, and he attaches an email exchange he had with an Army EEO counselor before he filed the complaint. Misinformation can provide a basis for tolling under some circumstances, *see Parker v. Scheck Mechanical Corp.*, 772 F.3d 502, 507–08 (7th Cir. 2014), but nothing in the email exchange shows that the counselor told Ellerman that he could

5

challenge the board's decision by filing a new complaint. In any event, the decisions of both the board and the Army made it clear that filing a new complaint wasn't the proper method of obtaining relief. The board's December 9 decision explained his appeal rights in detail, including his right to obtain review by the EEOC or a federal court for a discrimination claim. Dkt. 18-1, at 8–11. The December 9 decision says nothing about filing a new complaint. The Army's January 8 decision informed Ellerman that he was in the wrong forum and directed him to continue the process he started with the board. Dkt. 18-3, at 1. At that point, Ellerman still had time to appeal the board's decision to the EEOC or this court, but he disregarded the information provided by the Army and appealed the Army's decision to the EEOC instead. So Ellerman hasn't shown that an extraordinary circumstance outside his control prevented him from complying with his statutory deadline. The exhaustion requirements under the Civil Service Reform Act are "structurally complex," *Blaney*, 34 F.3d at 512, but Ellerman received the information he needed to comply with the requirements.

Most of Ellerman's brief is devoted to explaining why he believes that the Army discriminated against him and coerced him into signing the settlement agreement. But I cannot consider these issues because Ellerman didn't comply with the requirements for obtaining judicial review. I cannot review the merits of the EEOC's April 26 decision because it is based on a new administrative complaint that Ellerman wasn't permitted to file. And I cannot consider the merits of the board's December 9 decision because Ellerman's appeal of that decision is untimely.

ORDER

IT IS ORDERED that Christine Wormuth's motion for summary judgment, Dkt. 16, is GRANTED. The case is DISMISSED for plaintiff Bradley Ellerman's failure to properly exhaust his administrative remedies. The clerk of court is directed to enter judgment and close this case.

Entered December 13, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge